FILED

MAY 1 3 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BOARD OF TRUSTEES,
COMMUNICATIONS WORKERS OF
AMERICA SAVINGS AND
RETIREMENT TRUST
    501 Third Street, NW
    Washington, DC 20001-2797

                Plaintiff,

        v.

P OWER COMMUNICATION
SERVICES, INC.
    945 Yonkers Avenue
    Yonkers, NY 10704

    and

JAMES MCGIBNEY
    19 Bronxville Road
    Bronxville, NY 10708

              Defendants.

Serve: Power Communication Services, Inc.
       James McGibney, Registered Agent
       945 Yonkers Avenue
       Yonkers, NY 10704

       and

       James McGibney,
       19 Bronxville Road
       Bronxville, NY 10708

CASE NUMBER: 1:05CV0965

JUDGE: COLLEEN KOLLAR-KOTELLY

DECK TYPE: LABOR/ERISA

DATE STAMP: 05/13/05

COMPLAINT
(FOR BREACH OF COLLECTIVE
BARGAINING AGREEMENT,
FAILURE TO MAKE REQUIRED
BENEFIT CONTRIBUTIONS,
FIDUCIARY BREACH,
AND INJUNCTIVE RELIEF)

Plaintiff, the Board of Trustees of the Communications Workers of American Savings

and Retirement Trust ("Plan"), avers as follows:

INTRODUCTION

1.      This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145.  This action is also brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Plaintiff seeks a money judgment awarding delinquent employer contributions, lost investment returns on the delinquent contributions, accrued interest, liquidated damages, attorney's fees, and costs owed by Defendants to the Plan pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendants' collective bargaining agreement with the Communications Workers of America, AFL-CIO, Local 1101 ("Local 1101"), and the Trust governing the Plan.  Plaintiff also seeks injunctive relief pursuant to ERISA and the LMRA to enjoin the prospective failure of Defendant to make contributions due the Plan in violation of ERISA Section 515, 29 U.S.C. § 1145, and in violation of the provisions of the Trust governing the Plan.

JURISDICTION AND VENUE

2.      Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 1132 and by 29 U.S.C. § 185.  Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought, at Plaintiff's discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.  29 U.S.C. § 1132(e)(2).  The Plan for which Plaintiff brings this action is administered in this district from its principal place of business at 501 Third Street, NW, Washington, DC 20001.

## ALLEGATIONS IN SUPPORT OF RELIEF SOUGHT

3.      The Board of Trustees is a "fiduciary," as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Communications Workers of American Savings and Retirement Trust, and is empowered to bring this action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Communications Workers of America Savings and Retirement Trust ("Plan") is a jointly trusteed 401(k) pension plan created and maintained pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a "multiemployer plan" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4.      Defendant Power Communication Services, Inc. ("Power") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7). Defendant employs employees represented for the purposes of collective bargaining by Local 1101, a labor organization representing employees in an industry affecting interstate commerce. Upon information and belief, Defendant is a corporation incorporated in the State of New York with its principal place of business at 945 Yonkers Avenue, Yonkers, NY 10704.

5.      Defendant James McGibney is the President of Power. He is a fiduciary of the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1102(21), by virtue of the fact that he has withheld but failed to remit to the Plan employee elective contributions to the Plan within the maximum time as required by statute and applicable regulations.

6.      Power was signatory to, and bound by, a collective bargaining agreement between Local 1101 and Power, effective August 1, 1999 through August 2, 2003, and continuing in effect thereafter from year to year until lawfully terminated. On August 2, 2003,

-3-

Power entered into a successor collective bargaining agreement with Local 1101, effective August 2, 2003 through August 5, 2006 and continuing in effect thereafter from year to year until lawfully terminated. Under these two agreements ("CBAs"), Power was, and continues to be, obligated to deduct and remit to the Plan authorized employee elective contributions to the Plan on behalf of Power employees covered by the CBAs. In addition, under the terms of the CBAs, Power was, and continues to be, obligated to make employer matching contributions to the Plan in the amount of twenty percent (20%) of all employee elective contributions to the Plan. By contributing to the Plan, Power was, and remains, obligated to abide by the terms and conditions of the Trust establishing the Plan and the terms of any policies adopted under the Trust.

7.    Pursuant to the Plan's Statement of Policy for Collection of Delinquent Contributions ("Collection Policy"), to which Defendants Power and McGibney are bound, Defendants are required to remit employee elective contributions and employer matching contributions to the Plan as soon as possible after they were withheld, but in no event after the 15th business day of the month following the month in which such amounts are withheld from employees' paychecks. The Collection Policy also provides that, in the event that contributions are not timely remitted to the Plan, interest shall accrue on those delinquent contributions. For delinquent employee elective contributions, the interest is the amount of investment return that otherwise would have been earned on the employee elective contributions. For delinquent employer contributions, including employer matching contributions, interest accrues at the prime rate plus two percent (2%).

8.    For the period including, but not necessarily limited to, March 2000 to May 2003, Defendants have employed employees who requested payroll deductions for submission to the Plan as employee elective contributions. However, Defendants have failed to deduct these

-4-

requested employee elective contributions despite their obligation to do so under the CBAs, the Plan's Trust, and Section 515 of ERISA, 29 U.S.C. § 1145. Therefore, pursuant to the Plan's Trust and Collection Policy, Defendants are liable for the amount of investment return that would have been earned on the employee elective contributions had these contributions been timely deducted and remitted to the Plan and liquidated damages equal to twenty percent (20%) of the delinquent employee elective contributions.

9.    For the period including, but not necessarily limited to, March 2000 to the present, Defendants failed to submit matching employer contributions to the Plan as required by the CBAs and the Collection Policy. Therefore, pursuant to the Plan's Trust and Collection Policy, Defendants are liable for the employer matching contributions, interest, and liquidated damages equal to twenty percent (20%) of the delinquent employer matching contributions.

10.    For the period of April 2005, Defendants have withheld employee elective contributions from the wages of Plan participants but have failed to remit these contributions to the Plan. Therefore, pursuant to the Plan's Trust and Collection Policy, Defendants are liable for the employee elective contributions, the amount of investment return that otherwise would have been earned on those contributions, and liquidated damages equal to twenty percent (20%) of those employee elective contributions.

CLAIMS AGAINST DEFENDANT POWER FOR
DELINQUENT CONTRIBUTIONS, LOST INVESTMENT RETURNS,
INTEREST, ATTORNEYS FEES, AND LIQUIDATED DAMAGES

11.    Plaintiffs repeat and reallege allegations contained in paragraphs 1-4 and 6-10 hereof.

12.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the Plan's Collection Policy, Defendant Power is liable for delinquent contributions including employee elective contributions withheld but not remitted to the Plan and employer matching contributions owed to the Plan, interest thereon, and liquidated damages. In all likelihood, Defendant Power will continue to employ covered employees but fail to make the required contributions so that at the time this cause reaches judgment, Defendant Power will owe additional withheld employee elective contributions, employer matching contributions, interest, and liquidated damages for which Plaintiff shall seek a money judgment in this action.

13.     Unless ordered to do otherwise by this Court, Defendant Power will continue to refuse to pay to the Plan the amounts established at the time this matter reaches trial or at the time of judgment. Plaintiff seeks injunctive relief pursuant to Sections 502(a)(3)(A) and 502(g)(2)(E) of ERISA, 29 U.S.C. §§ 1132(a)(3)(A) and (g)(2)(E), and 29 U.S.C. § 185(a).

14.     In addition to a judgment awarding the amount of delinquent contributions unpaid at the time this cause reaches judgment, Plaintiff is entitled to an award of the following, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), as amended, and the Plan's Collection Policy:

(a)     The amount of investment return that would have been earned on the delinquent employee elective contributions had they been timely remitted to the Plan; and

(b)     Interest on the delinquent employer matching contributions at the prime rate plus two percent (2%) per year, as stated under the Plan's Collection Policy; and

(c)     Liquidated damages equal to the greater of:

(i)     accrued interest on delinquent contributions not paid when due, or

(ii)     an amount equal to twenty percent (20%) of the amount of delinquent contributions, as provided for in the Plan's Collection Policy; and

(d)     Reasonable attorneys' fees and the costs of this action.

## CLAIMS AGAINST DEFENDANT MCGIBNEY FOR
## FIDUCIARY BREACH AND PROHIBITED TRANSACTIONS

15.     Plaintiffs repeat and reallege paragraphs 1-11 hereof.

16.     Defendant McGibney exercised discretionary authority and control over Plan assets. Those Plan assets were the employee elective contributions that Defendants failed to timely pay to the Plan.

17.     Defendant McGibney is a "parties in interest" with respect to the Plan within the meaning of Section 3(14) of ERISA, 29 U.S.C. § 1102(14).

18.     Defendant McGibney breached his fiduciary duties under ERISA Section 404(a)(1)(A), (B) and (C), 29 U.S.C. §§ 1104 (a)(1)(A), (B) and (C), by failing to timely remit employee elective contributions to the Plan and using those contributions for his benefit and the benefit of Power.

19.     Defendant McGibney engaged in prohibited transactions in violation of ERISA Sections 406(a)(1)(D) and (b), 29 U.S.C. §§ 1106(a)(1)(D) and (b) by: engaging in a transactions that constitute transfer of Plan assets to Power; dealing with Plan assets in his own interest and account; acting in transactions involving the Plan on behalf of Power, a party whose interests are adverse to the interests of the Plan, its participants, and its beneficiaries; and receiving consideration from Power.

WHEREFORE, Plaintiff demands a judgment against Defendants jointly and severally, for all amounts due Plaintiff at the time this cause reaches judgment and other relief, including:

(a)     An award to Plaintiff of all of the sums due the Plan under the terms of the Plan's Trust and Collection Policy,  and Section 502(g)(2) of ERISA, as amended, 29 U.S.C. § 1132(g)(2), including all withheld but unremitted employee elective contributions, all unpaid employer matching contributions through the date of judgment, investment returns that would have been earned on employee elective contributions had they been timely remitted, interest on delinquent employer matching contributions, and liquidated damages on all delinquent contributions, as well as attorneys' fees and costs; and

(b)     Requiring Defendant Power; Defendant Power's officers, agents, servants, attorneys, successors, assigns, and all persons acting on its behalf; and Defendant McGibney to pay to Plaintiff all monies, including all withheld but unremitted employee elective contributions, all unpaid employer matching contributions through the date of judgment, investment returns that would have been earned on employee elective contributions had they been timely remitted, interest on delinquent employer matching contributions, and liquidated damages on all delinquent contributions for the period of March 2000 through the date of judgment and for all other periods for which Defendant Power is obligated to make payments to the Plan under the terms of the CBAs; and

(c)     Requiring Requiring Defendant Power; Defendant Power's officers, agents, servants, attorneys, successors, assigns, and all persons acting on its behalf; and Defendant McGibney to permit an audit of wage, payroll, and personnel records for all periods for which Defendants Power and McGibney were and are obligated to contribute to the Plan and to pay all contributions, lost investment returns, interest, and liquidated damages discovered in such audit and the costs of such audit; and

(c)   Ordering Defendants Power and McGibney to pay Plaintiff's reasonable attorney's fees and the costs of this action, including fees and costs incurred in the execution of any judgment awarded, and audit fees, as set forth in the Plan's Collection Policy and Section 502(g) of ERISA, as amended, 29 U.S.C. § 1132(g); and

(d)   Granting Plaintiff such further and other relief as may be just and proper.

Respectfully submitted,

Thomas V. Hart (DC Bar No. 165647)

SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC   20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)

Dated: _May 13_, 2005

Counsel for Plaintiffs

H:\Users\DGL\842\Power Communication\Complaint2.wpd